**Moody EADDY, Plaintiff,**

v.

**Rufus B. LAWRIMORE, W. Archie Teal, and Albert J. Rogers, as the Review Committee for Florence County, South Carolina, of the Production and Marketing Administration, United States Department of Agriculture, Defendants.**

Civ. A. No. 5118.

United States District Court
E. D. South Carolina,
Florence Division.

Sept. 7, 1956.

McEachin, Townsend & Zeigler, Florence, S. C., for plaintiff.

N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., Arthur G. Howe, Asst. U. S. Atty., Charleston, S. C., for defendants.

WILLIAMS, District Judge.

This is a proceeding under Sections 365 and 366, Title III of the Agricultural Adjustment Act of 1938, 52 Stat. 63, 7 U.S.C.A. 1365, 1366, for a review of a determination made by the defendants herein who constitute the Review Committee having jurisdiction of such matters in Florence County, South Carolina. The Review Committee is appointed by the Secretary of Agriculture and is pro-

vided under the Agricultural Adjustment Act for the purpose of reviewing matters relating to farm acreage allotments and farm marketing quotas established by the local county committees. Section 365 of the Act confers jurisdiction on this Court to review a determination of the Review Committee with which a farmer is dissatisfied and the review by this Court is limited to questions of law and the findings of fact by the Review Committee, if supported by evidence, shall be conclusive.

In accordance with the Act there has been certified and filed with the court a transcript of the record upon which the determination in this case complained of was made, together with the findings of fact of the Review Committee. This record discloses that the determination of the Review Committee relating to the 1954 tobacco acreage allotment for farm number 56–021–4012 was filed on July 27, 1955 and contained, inter alia, the following finding of fact:

"4. Moody Eaddy, owner-operator of farm serially numbered 56–021–4012, was an owner of another farm, farm serially numbered 56–021–1003, which farm had a 1954 flue-cured tobacco acreage allotment established therefor of 13.2 acres."

The Review Committee arrived at the following conclusions:

"1. Moody Eaddy did not meet the eligibility requirements set forth in Section 725.523 of 1023 (Burley and Flue–54)–1, Burley and Flue-Cured Tobacco Marketing Quota Regulations, 1954–55 Marketing Year, in that the farm covered by the application for the new grower allotment was not the only farm owned by Moody Eaddy for which a flue-cured tobacco acreage allotment was established for the 1954–55 marketing year.

"2. That the new grower flue-cured tobacco acreage allotment of 3.5 acres previously established for farm serially numbered 56–021–

4012 was properly corrected to zero acres."

The determination of the Review Committee complained of in this proceeding is as follows:

"Moody Eaddy was not eligible for a new grower flue-cured tobacco acreage allotment for farm serially numbered 56–021–4012 for 1954 and the farm marketing quota for such farm for such year is zero."

This cause came on for hearing on August 22, 1956 at which time counsel for all parties was present and the matter was fully presented.

From the record of the proceeding before the Review Committee it appears that the review was limited to the question of the eligibility of farm number 56–021–4012 for a new-farm allotment under applicable regulations, and no evidence was received with respect to the amount of allotment which this farm should receive, provided it was determined that the farm was eligible.

At the outset it would be well to cite the section of the regulations which applies to the question in this case. This is Section 725.523(b) (3) of the Burley and Flue-Cured Tobacco Marketing Quota Regulations, 1954–1955 Marketing Year (18 F.R. 3997):

"(b) Notwithstanding any other provisions of this section a tobacco acreage allotment shall not be established for any new farm unless each of the following conditions has been met: * * *

"(3) The farm covered by the application shall be the only farm owned or operated by the owner or farm operator for which a Burley or flue-cured tobacco allotment is established for the 1954–1955 marketing year."

The facts as disclosed by the transcript of record of the review hearing are that J. B. Eaddy died intestate in the year 1929 while the owner of certain farm lands in Florence County, South Carolina. The decedent was survived by his widow and eight children, five

of whom, including the plaintiff, were minors at the time of the decedent's demise. Shortly thereafter the children who were of age conveyed to their mother their interests in the lands owned by their father and simultaneously the widow re-conveyed to all of the children the title to such lands reserving to herself a life estate. Copies of these deeds are exhibits in the transcript of record. Testimony by several of the children indicates rather clearly that it was agreed among all of the children that their mother was to have possession and full control over the lands owned by their deceased father. There appears to be no dispute as to the fact that Mrs. E. V. Eaddy, the mother, pursuant to this agreement continued in possession of these lands on which farming operations were conducted, the profits from which accrued to her benefit. It further appears that after the plaintiff came of age about 1942 he acquiesced in his mother's possession of these lands and obviously accepted the conveyance which she had made to all of the children immediately after the death of the decedent. It further appears that Mrs. Eaddy has continued to operate this farm, having made improvements thereon and having paid taxes which were assessed in her name. A 1954 tobacco acreage allotment had been established for the farm operated by Mrs. Eaddy and there is no evidence that the plaintiff had any control over the acreage planted to tobacco in 1954 or that he received any benefits or profits from the tobacco acreage.

It further appears that the plaintiff acquired a tract of land in Florence County, South Carolina, and applied to the Florence County Committee for a new-farm tobacco allotment. The only question raised at the review hearing which is properly before this court is whether under the regulations previously cited plaintiff was entitled to a 1954 new-farm allotment under the above statement of facts which appear to be undisputed.

It is the opinion of this court that the facts do not support the conclusions of the Review Committee or its determination. In view of the agreement made between the children and the widow of J. B. Eaddy the greatest interest which the plaintiff would have had in the farm of the decedent would have been one of remainder. The conveyance by the widow to all of the children, including the plaintiff and his subsequent acquiescence of her continued possession and control of the farm after the plaintiff attained his majority, would in the opinion of this court estop him from asserting any present interest in these lands as late as the time at which he filed an application for a new-farm allotment.

It should, therefore, be considered whether the ownership by the plaintiff of approximately a one-eighth remainder interest in the farm operated by his mother would disqualify him from receiving an allotment under the section of the regulations previously cited. While it is not entirely clear what the intention of this particular section was, it appears sufficiently clear to this court that the purpose of the various qualifications for a new-farm allotment was to prevent anyone who already had an allotment from receiving the advantages of an additional allotment which is intended to be given to those farms which are being placed in cultivation for tobacco for the first time. Under this section any tobacco producer who received an allotment on another farm or who derived the benefits from the allotment would not be eligible for an additional new-farm allotment. The evidence as contained in the transcript of record does not disclose that the plaintiff received any benefits from the tobacco allotment which had been established on the farm operated by his mother or from any other farm having a tobacco allotment. It would be manifestly unjust to hold that the plaintiff was "the owner" of the farm operated by his mother and deny him a tobacco allotment which is so vital to the economic farm life and economy in Florence County, South Carolina.

It is, therefore, the opinion of this court that the finding of the Review Committee that the plaintiff was the own-

er of another farm having a tobacco acreage allotment within the meaning of the section of the regulations involved is not supported by evidence. It follows, therefore, that the conclusions and determination of the Review Committee that the farm operated by the plaintiff for which a new-farm allotment has been denied should be and the same are hereby reversed and overruled.

In view of the opinion expressed herein the court does not consider it necessary to submit or pass upon the other questions raised in the complaint and argument of counsel for the plaintiff.

It is therefore ordered that this case be remanded to the Review Committee for Florence County for the purpose of receiving additional evidence and determining the amount of flue-cured tobacco acreage allotment which should have been established for the plaintiff's farm, numbered 56–021–4012, for the 1954–1955 marketing year in accordance with the findings of this court. Said determination is to be made within thirty days after the filing of this order.